UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND
Case No. _____

CAROLYN EVANS, Individually and as Personal
Representative of the Estate of
CATHERINE RIGSBY                                                    PLAINTIFF

v.

WURTLAND HEALTH CARE CENTER, INC. d/b/a
WURTLAND NURSING & REHABILITATION CENTER

DIVERSICARE, INC.

DIVERSICARE LEASING CORP.

DIVERSICARE MANAGEMENT SERVICES, CO.

ADVOCATE HEALTH, LLC

ADVOCATE, INC.

ADVOCAT ANCILLARY SERVICES, INC.                              DEFENDANTS

## ANSWER

Defendants, Wurtland Nursing and Rehabilitation Center[1]; Diversicare Leasing Corp.;

Diversicare Management Services, Co.; Advocat, Inc.; and Advocat Ancillary Services, Inc.[2]

(hereinafter collectively "Defendants"), for their Answer to Plaintiff's Complaint state:

1.      Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 and they are therefore deemed denied.

---

[1] Incorrectly identified in Plaintiff's Complaint as Wurtland Health Care Center, Inc. d/b/a Wurtland Nursing and Rehabilitation Center.
[2] Advocat, Inc. (incorrectly identified in Plaintiff's Complaint as Advocate, Inc.) and Advocat Ancillary Services, Inc. provided no goods, services, or accommodations to Catherine Rigsby, were not asked to provide any goods, services, or accommodations to Catherine Rigsby, owed Catherine Rigsby no duties, and are not proper defendants in this case.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and they are therefore deemed denied.

3.      The allegations contained in Paragraph 3 are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied.

4.      Defendants deny the allegations set forth in Paragraph 4. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

5.      Defendants deny the allegations set forth in Paragraph 5. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

6.      Defendants deny the allegations set forth in Paragraph 6. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

7.      Defendants deny the allegations set forth in Paragraph 7. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

8.      Defendants deny the allegations set forth in Paragraph 8. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

9.      The allegations contained in Paragraph 9 are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

2

10.     Defendants deny the allegations set forth in Paragraph 10.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

11.     Defendants deny the allegations set forth in Paragraph 11.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

12.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Defendants further deny that Diversicare Leasing Corp. was an owner of Wurtland Nursing and Rehabilitation Center.  Therefore Defendants deny the allegations set forth in Paragraph 12.

13.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 13.

14.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 14.

15.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 15.

16.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 16.

17.     The allegations contained in Paragraph 17 are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

18.     In response to the allegations contained in Paragraph 18, Defendants admit that Diversicare Leasing Corp. operated Wurtland Nursing and Rehabilitation Center and other nursing homes.   Defendants deny any remaining allegations contained in Paragraph 18. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

19.     Defendants deny the allegations set forth in Paragraph 19.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

20.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Defendants further deny that Diversicare Management Service, Co. was an owner of Wurtland Nursing and Rehabilitation Center.    Therefore Defendants deny the allegations set forth in Paragraph 20.

21.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 21.

22.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 22.

4

23.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 23.

24.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 24.

25.     The allegations contained in Paragraph 25 are legal conclusions that do not require a response.  To the extent a response is required, such allegations are denied.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

26.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Therefore Defendants deny the allegations set forth in Paragraph 26.

27.     Defendants deny the allegations set forth in Paragraph 27.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

28.     Defendants deny the allegations set forth in Paragraph 28.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

29.     Defendants deny the allegations set forth in Paragraph 29.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

30.     Defendants deny the allegations set forth in Paragraph 30.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

31.     Defendants deny the allegations set forth in Paragraph 31.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

32.     Defendants deny the allegations set forth in Paragraph 32.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

33.     The allegations contained in Paragraph 33 are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

34.     Defendants deny the allegations set forth in Paragraph 34.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

35.     Defendants deny the allegations set forth in Paragraph 35.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

36.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Defendants further deny that Advocat, Inc. was an owner of Wurtland Nursing and Rehabilitation Center.   Therefore Defendants deny the

6

allegations set forth in Paragraph 36. Defendants further assert that Advocat, Inc. did not provide services to Catherine Rigsby and is not a proper defendant to this lawsuit.

37.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists. Therefore Defendants deny the allegations set forth in Paragraph 37.

38.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists. Therefore Defendants deny the allegations set forth in Paragraph 38.

39.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists. Therefore Defendants deny the allegations set forth in Paragraph 39.

40.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists. Therefore Defendants deny the allegations set forth in Paragraph 40.

41.     The allegations contained in Paragraph 41 are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

42.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists. Therefore Defendants deny the allegations set forth in Paragraph 42.

43.     Defendants deny the allegations set forth in Paragraph 43.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

44.     Defendants deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.  Defendants further deny that Advocat Ancillary Services, Inc. was an owner of Wurtland Nursing and Rehabilitation Center.    Therefore Defendants deny the allegations set forth in Paragraph 44.   Defendants further assert that Advocat Ancillary Services, Inc. did not provide services to Catherine Rigsby and is not a proper defendant to this lawsuit.

45.     Defendants deny the allegations set forth in Paragraph 45.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

46.     Defendants deny the allegations set forth in Paragraph 46.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

47.     Defendants deny the allegations set forth in Paragraph 47.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

48.     Defendants deny the allegations set forth in Paragraph 48.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

49.     The allegations contained in Paragraph 49 are legal conclusions that do not require a response.  To the extent a response is required, such allegations are denied.  Defendants further

deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

50.    Defendants deny the allegations set forth in Paragraph 50. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

51.    Defendants deny the allegations set forth in Paragraph 51. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

52.    In response to the allegations contained in Paragraph 52, Defendants admit that Wurtland Nursing and Rehabilitation Center is authorized and licensed to operate a nursing home facility in Greenup County, Kentucky known as Wurtland Nursing and Rehabilitation Center. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

53.    In response to the allegations contained in Paragraph 53, Defendants admit that Catherine Rigsby was at certain times a resident at Wurtland Nursing and Rehabilitation Center and otherwise deny the allegations contained in Paragraph 53.

54.    In response to the allegations contained in Paragraph 54, Defendants admit that certain laws and regulations pertaining to nursing homes are set forth in applicable Kentucky law. To the extent that Paragraph 54 alleges laws, regulations, or standards beyond those set forth in applicable Kentucky law or that Defendants violated any such laws and regulations, such allegations are denied.

55.    The allegations contained in Paragraph 55 are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied.

9

56.     The allegations contained in Paragraph 56 are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied.

57.     In response to the allegations contained in Paragraph 57, Defendants admit that Wurtland Nursing & Rehabilitation Center is a licensed professional nursing home and that during her residency at its facility Wurtland Nursing and Rehabilitation Center owed Catherine Rigsby certain duties regarding her care and treatment that are set forth in applicable law.  To the extent that Paragraph 57 alleges any duties or responsibilities owed to Catherine Rigsby by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Catherine Rigsby, Defendants deny such allegations.

58.     Defendants admit that Wurtland Nursing and Rehabilitation Center owed Catherine Rigsby during her residency at its facility certain duties regarding her care and treatment that are set forth in applicable law.  To the extent that Paragraph 58 alleges any duties or responsibilities owed to Catherine Rigsby by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Catherine Rigsby, Defendants deny such allegations.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

59.     In response to the allegations contained in Paragraph 59, Defendants admit that Catherine Rigsby was admitted to Wurtland Nursing and Rehabilitation Center on August 5, 2005. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 and, therefore, they are deemed denied. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

10

60.     Defendants deny the allegations set forth in Paragraph 60.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

61.     Defendants deny the allegations set forth in Paragraph 61.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

62.     Defendants deny the allegations set forth in Paragraph 62.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

63.     Defendants deny the allegations set forth in Paragraph 63.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

64.     Defendants deny the allegations set forth in Paragraph 64.

65.     Defendants deny the allegations set forth in the first Paragraph 65 of the Complaint and further assert that Plaintiff is not entitled to any damages in regard to Defendants in this matter. In response to the allegations set forth in the second Paragraph 65, Defendants restate, reallege, and incorporate by reference each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-64.

66.     The allegations contained in Paragraph 66 do not contain a factual allegation to which Defendants can respond.  To the extent a response is required, Defendants deny such allegations.

67.     Defendants deny the allegations set forth in Paragraph 67, including all of its subparts.

68.     Defendants deny the allegations set forth in Paragraph 68.

11

69.     Defendants deny the allegations set forth in the first Paragraph 69 of the Complaint and further assert that Plaintiff is not entitled to any damages in regard to Defendants in this matter. In response to the allegations set forth in the second Paragraph 69, Defendants restate, reallege, and incorporate by reference each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-68.

70.     Defendants admit that Wurtland Nursing and Rehabilitation Center owed Catherine Rigsby during her residency at its facility certain duties regarding her care and treatment that are set forth in applicable law.  To the extent that Paragraph 70 alleges any duties or responsibilities owed to Catherine Rigsby by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Catherine Rigsby, Defendants deny such allegations.  Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

71.     Defendants deny the allegations set forth in Paragraph 71.

72.     Defendants deny the allegations set forth in Paragraph 72.

73.     Defendants deny the allegations set forth in Paragraph 73 and further assert that Plaintiff is not entitled to any damages in regard to Defendants in this matter.

74.     In response to the allegations set forth in Paragraph 74, Defendants restate, reallege, and incorporate by reference each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-73.

75.     The allegations contained in Paragraph 75 do not contain a factual allegation to which Defendants can respond.  To the extent a response is required, Defendants deny such allegations.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and they are therefore deemed denied.

12

77. Defendants admit that Wurtland Nursing and Rehabilitation Center owed Catherine Rigsby during her residency at its facility certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 77 alleges any duties or responsibilities owed to Catherine Rigsby by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Catherine Rigsby, Defendants deny such allegations.

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

81. Defendants deny the allegations set forth in Paragraph 81 and further assert that Plaintiff is not entitled to any damages in regard to Defendants in this matter. Defendants restate, reallege, and incorporate by reference each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1 – 81.

82. In response to the allegations set forth in Paragraph 82, Defendants admit that Catherine Rigsby and Wurtland Nursing and Rehabilitation Center entered into an admissions agreement on or about August 5, 2005. Defendants state that the admissions agreement speaks for itself and otherwise deny the remaining allegations contained in Paragraph 82. Defendants further deny that any such entity known as Wurtland Healthcare d/b/a Wurtland Nursing and Rehabilitation Center exists.

83. Defendants deny the allegations set forth in Paragraph 83.

84. Defendants deny the allegations set forth in Paragraph 84.

85. Defendants deny the allegations set forth in Paragraph 85 and further assert that Plaintiff is not entitled to any remedies or damages in regard to Defendants in this matter.

86.     Any and all allegations contained in the Complaint not specifically admitted above by Defendants are hereby denied.

## FIRST DEFENSE

87.     Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants for which relief can be granted against Defendants.

## SECOND DEFENSE

88.     Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts or omissions of Plaintiff and/or Plaintiff's decedent and/or persons or entities other than Defendants for which Defendants have no liability or responsibility and which were the proximate cause and/or a substantial factor in causing said injuries and damages, if any, and the Plaintiff's claims against Defendants are, therefore, barred or should be reduced in proportion to the fault attributable to persons other than Defendants.

## THIRD DEFENSE

89.     Plaintiff's claim for punitive damages is barred by the provisions of KRS § 411.184 and the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as §§ 2 and 14 of the Kentucky Constitution. The substantive proof of, and the procedures set out in Kentucky's punitive damages system, violate the Due Process Clause of the 14th Amendment of the United States Constitution and provisions of the Kentucky Constitution.

14

## FOURTH DEFENSE

90.     Pending discovery, the Complaint is barred, in whole or in part, by applicable statutes of limitation including but not limited to KRS 413.140 or the equitable doctrine of laches.

## FIFTH DEFENSE

91.     Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any are found, were caused in whole or in part by Plaintiff and/or the Plaintiff's decedent's contributory and/or comparative negligence by reason of their failure to use the degree of care that would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances. Any damages to which the Plaintiff may be found to be entitled are barred and should be reduced in proportion to the amount of fault attributable to the Plaintiff and/or the Plaintiff's decedent. The negligence of the Plaintiff and/or the Plaintiff's decedent proximately caused, contributed to, and was a substantial factor in causing the injuries and damages, if any, alleged in the Complaint.

## SIXTH DEFENSE

92.     Defendants' conduct was not the proximate cause or a substantial factor in causing any of the injuries or damage, if any occurred, alleged by the Plaintiff.

## SEVENTH DEFENSE

93.     Plaintiff has failed to plead special damages, if any, with specificity as required by Rule 9.6 of the Kentucky Rules of Civil Procedure and any claims for special damages are therefore barred.

## EIGHTH DEFENSE

94.     Defendants reserve all defenses related to insufficiency of process or service of process.

## NINTH DEFENSE

95.     To the extent that there exists any person or entity who has paid any amounts to or for the

benefit of Plaintiff or Plaintiff's decedent on account of events or injuries or damages alleged in

the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has

failed to comply with KRS 411.188 and the Complaint is barred. Alternatively, Plaintiff is

precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to

the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any

such payment.

## TENTH DEFENSE

96.     Defendants reserve the right to supplement this answer and plead any and all additional

defenses and affirmative defenses that arise during the course of the litigation.

        **WHEREFORE**, Defendants respectfully demand that:

        1.      The claims against them be dismissed with prejudice and the Plaintiff take

nothing thereby;

        2.      Defendants be awarded its costs and expenses incurred in defending this action,

including attorneys' fees where permitted by law; and

        3.      Any and all other relief in law or equity to which Defendants may be entitled.

16

Respectfully submitted,

**GWIN STEINMETZ MILLER & BAIRD, PLLC**

s/ Michael F. Sutton
Donald L. Miller, II
dmiller@gsmblaw.com
Michael F. Sutton
msutton@gsmblaw.com
401 West Main Street, Suite 1000
One Riverfront Plaza
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701

*Counsel for Defendants Wurtland Nursing and Rehabilitation Center; Diversicare Leasing Corp.; Diversicare Management Services Co.; Advocat, Inc.; and Advocat Ancillary Services, Inc.*

17

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Donald L. Miller, II and Michael F. Sutton.

I further certify that a copy of the foregoing was mailed via US Mail, postage pre-paid, to the following, non-ECF participants:

Andrew L. Paternostro, Sr.
Erin L. Winter
Bell & Bands, PLLC
P.O. Box 1723
Charleston, WV 25326-1723
Telephone: (606) 325-0431

*Co-Counsel for Plaintiff*

Gregory C. Shields
Shields Law Offices
P.O. Box 361
Catlettsburg, KY 41129
Telephone: (606) 739-0350

*Co-Counsel for Plaintiff*

<div style="margin-left:40%">

s/ Michael F. Sutton
Donald L. Miller, II
dmiller@gsmblaw.com
Michael F. Sutton
msutton@gsmblaw.com
401 West Main Street, Suite 1000
One Riverfront Plaza
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701

*Counsel for Defendants Wurtland Nursing and Rehabilitation Center; Diversicare Leasing Corp.; Diversicare Management Services Co.; Advocat, Inc.; and Advocat Ancillary Services, Inc.*

</div>